IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| XAVIER N. DONALD, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:23-cv-00878-O-BP |
| § | |
| BANK OF AMERICA, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Motion for Default Judgment (ECF No. 7) filed by Plaintiff Xavier N. Donald ("Donald") on November 13, 2023, and the Motion to Dismiss and brief in support (ECF Nos. 14-15) ("BOA's Motion") filed by Defendant Bank of America ("BOA") on February 28, 2024. On February 29, the Court ordered Donald to file any response to BOA's Motion on or before March 20, 2024. ECF No. 16. To date, Donald has not responded, so BOA's Motion is ripe for review. To better evaluate his allegations, the Court ordered Donald to answer a Questionnaire concerning his claims. ECF No. 8. Donald filed his Response to the Questionnaire on January 22, 2024. ECF No. 10. This case was automatically referred to the undersigned pursuant to Special Order 3. ECF No. 3. After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DENY** the Motion for Default Judgment (ECF No. 7), **GRANT** BOA's Motion (ECF No. 14), and **DISMISS** Donald's claims.

I.  **BACKGROUND**

In January 2023, Donald applied for and was issued a credit card by BOA. ECF No. 10 at 1. He alleges that he delivered "tender of payment[,] . . . along with [a] Power of Attorney

document." *Id.* at 2. He further alleges that BOA did not "accredit[] the account properly" and did not accept his alternative form of payment, damaging him because the card is now unable to be used, and because BOA closed his account. *Id.* at 3, 5. He asserts that BOA's actions constitute breach of contract, violation of his Fifth Amendment rights, and violation of 12 U.S.C. § 504. ECF Nos. 1 at 1; 10 at 3-4. He seeks $15 million in damages and a court order requiring BOA to reopen his account and accept his alternative form of payment. ECF No. 10 at 4-5.

## II.   LEGAL STANDARDS

### A.   Pro Se Standard

The Court subjects the pleadings of *pro se* parties to less rigid analysis than those of a party represented by counsel. Courts must hold "a *pro se* complaint, 'however inartfully pleaded,' . . . to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, "even a liberally-construed *pro se* . . . complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Tex. at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825-26 (1977)). Thus, a court inquires "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under [the] complaint, indulgently read." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976).

### B.   Rule 12(b)(6) Dismissal for Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Rules require that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a). A complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

C.  **Default Judgment**

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. There are three stages to entry of default judgment. First, a default occurs "when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); Fed. R. Civ. P. 55(a). "Second, upon such a showing, the clerk must enter the adverse party's default." *GuideOne Ins. Co. v. House of Yahweh*, 828 F. Supp. 2d 859, 861 (N.D. Tex. 2011) (citing Fed. R. Civ. P. 55(a)). Third, "once default has been entered, the movant may apply for a judgment based on the adverse party's default." *Id.* "[A] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (internal quotation marks omitted). Rather, courts retain ultimate discretion to grant or deny default judgments. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

D.  **Dismissal With or Without Prejudice**

There exists a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). As a result, courts generally allow plaintiffs at least one opportunity to amend their pleadings. *Great Plains Tr. Co. v. Morgan*

3

*Stanley Dean Witter & Co*., 313 F.3d 305, 329-30 (2002). Nonetheless, a court may appropriately dismiss an action with prejudice if it finds that the plaintiff has alleged his best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). Likewise, a court may dismiss a complaint with prejudice, thus foreclosing the plaintiff's opportunity to amend, whenever amendment of the pleadings would be futile. *See Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016).

### III. ANALYSIS

#### A. Donald's Motion for Default Judgment is improper.

The record contains proof that in accordance with the Court's January 23, 2024 Order (ECF No. 11), the U.S. Marshals Service effectuated service on BOA under Federal Rule of Civil Procedure 4(c)(3). ECF No. 13. Generally, "[a] defendant must serve an answer . . . within 21 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A)(i). Donald filed his Motion for Default Judgment on November 13, 2024. ECF No. 7. To date, the Clerk has not entered a default, and Donald's motion (ECF No. 7) therefore is premature. *Mallory v. Mims*, No. 418CV00831ALMCAN, 2020 WL 5191315, at *2 (E.D. Tex. July 31, 2020) (The "[p]laintiff has neither requested that the clerk enter the default, nor has the clerk entered the default on the docket. Accordingly, the Court cannot proceed to step two—consideration of [the p]laintiff's Motion."), *rec. adopted*, No. 4:18-CV-831, 2020 WL 5106836 (E.D. Tex. Aug. 28, 2020); *see also Booker v. Cap. One Auto Fin. Corp.*, No. 422CV00609SDJCAN, 2023 WL 2384504, at *1 (E.D. Tex. Feb. 1, 2023) (finding that the motion for default judgment was premature where the plaintiff had not served the defendants or requested that the clerk enter default and the clerk had not entered the default) (collecting cases), *rec. adopted*, No. 4:22-CV-609-SDJ, 2023 WL 2387212 (E.D. Tex. Mar. 3, 2023). Accordingly, Judge O'Connor should **DENY** Donald's Motion for Default Judgment (ECF No. 7).

### B. Donald's claims under the Constitution and Title 12 are frivolous.

Although Donald brings claims under the Constitution and Title 12, BOA only moves to dismiss his breach of contract claim. ECF No. 14. Generally, "even if a party does not make a formal motion under Rule 12(b)(6)," the Court on its "own initiative may note the inadequacy of the complaint and dismiss it for failure to state a claim as long as the procedure employed is fair to the parties." *Century Sur. Co. v. Blevins*, 799 F.3d 366, 372 (5th Cir. 2015) (cleaned up and quotation omitted). "In the Fifth Circuit, fairness requires that a litigant have the opportunity to be heard before a claim is dismissed, except where the claim is patently frivolous." *Id.* (internal quotation omitted). Additionally, because Donald proceeds in forma pauperis, his Complaint is subject to *sua sponte* dismissal if it is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). Claims are frivolous when they are "so lacking in merit that" they are "groundless." *Raskin on behalf of JD v. Dall. Indep. Sch. Dist.*, 69 F.4th 280, 287 (5th Cir. 2023).

Donald argues that BOA violated 29 U.S.C. § 504, "but the imposition of civil penalties under Section 29 of the Federal Reserve Act, 12 U.S.C. § 504, is carried out by federal officials, and private individuals do not have a private right of action to enforce" it. *Whyte v. Collins*, No. 3:23-CV-1303-X-BN, 2023 WL 5673121, at *2 (N.D. Tex. Aug. 14, 2023) (cleaned up and quotation omitted) (collecting cases), *rec. adopted*, No. 3:23-CV-1303-X-BN, 2023 WL 5673450 (N.D. Tex. Sept. 1, 2023); *see also Wesco v. Collins*, No. 3:23-CV-2582-S-BK, 2024 WL 626291, at *3 (N.D. Tex. Jan. 16, 2024) (same) (collecting cases), *rec. adopted*, No. 3:23-CV-2582-S-BK, 2024 WL 1687669 (N.D. Tex. Apr. 17, 2024). Additionally, the Fifth Amendment to the Constitution does not apply to private actions, and Donald alleges no facts to show that any government action caused his alleged damages. *Carter v. Transp. Workers Union of Am. Loc.*, 556,

353 F. Supp. 3d 556, 574 (N.D. Tex. 2019) (citing *S.F. Arts & Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 542 (1987) ("The fundamental inquiry is whether the [defendant] is a governmental actor to whom the prohibitions of the Constitution apply.")). Accordingly, these claims are groundless. Therefore, Donald's claims under the Constitution and Title 12 are patently frivolous, so Judge O'Connor should **DISMISS** them.

   **C.**  **Donald does not state a breach of contract claim.**

Donald seeks damages for breach of contract. ECF Nos. 1, 10. A federal court sitting in diversity applies the substantive law of the state in which it sits. *See Barden Miss. Gaming Liab. Corp. v. Great N. Ins. Co.*, 638 F.3d 476, 478 (5th Cir. 2011). The Court sits in Texas. To state a claim for breach of contract under Texas law, the plaintiff must allege that: "(1) a valid contract exists; (2) the plaintiff performed or tendered performance as contractually required; (3) the defendant breached the contract by failing to perform or tender performance as contractually required; and (4) the plaintiff sustained damages due to the breach." *Pathfinder Oil & Gas, Inc. v. Great W. Drilling*, Ltd., 574 S.W.3d 882, at 890 (Tex. 2019) (footnote omitted). BOA argues that Donald failed to adequately plead all but the first element. ECF No. 15 at 4-7.

First, BOA argues that Donald did not adequately plead breach. ECF No. 15 at 4. A breach occurs "when a party fails or refuses to perform an act that it expressly promised to do." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. 2014) (collecting cases). "[A] claim for breach of contract of a note and deed of trust must identify the specific provisions in the contract that was breached." *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014); *Innova Hosp.*, 995 F. Supp. at 602 (collecting cases). BOA contends that Donald "has provided the Court with no way of knowing how [BOA] breached any contractual provision." ECF No. 15 at 4-5. Donald did not respond to this or any of BOA's

6

other arguments. Donald alleges that BOA "did not accredit[] the account properly" and "closed the account." ECF No. 10 at 3, 5. But he failed to identify the contractual provision that BOA allegedly breached, and he fails to specifically identify any actual damages associated with the breach.

Donald also attached to his Questionnaire Answer a document titled "Credit Card Agreement for XAVIER NYREH DONALD," (the "Agreement") (ECF No. 10 at 17), which provides that Donald "may obtain credit" in exchange for his "promise to pay [BOA] the amounts of all credit [he] obtain[s.]" ECF No. 10 at 17-18. The Agreement further provides that BOA "may suspend or close [Donald's] account or otherwise terminate [his] right to use [his] account[] . . . at any time and for any reason." ECF No. 10 at 20. Thus, under the plain terms of the agreement, Donald has not pleaded a claim for breach.

Next, BOA argues that Donald failed to adequately plead damages. ECF No. 15 at 5. Under Texas law, plaintiffs may recover "actual damages for loss of credit or injury to credit reputation in an action for breach of contract." *Mead v. Johnson Grp., Inc.*, 615 S.W.2d 685, 688 (Tex. 1981). Donald alleges that BOA "affected" the account negatively and prevented him from using the credit card. ECF No. 10 at 3. The $15 million in damages he seeks is associated with his frivolous Title 12 claim, not his breach of contract claim. ECF No. 10 at 4. Thus, at most, Donald's damages allegation "amounts only to a bare recitation of the elements of a breach of contract cause of action[,] which is insufficient under the law." *Shastry v. U.S. Bank Nat'l Ass'n*, No. 3:16-CV-3335-G-BN, 2018 WL 4627132 (N.D. Tex. July 27, 2018) (internal quotation omitted), *rec. adopted*, No. 3:16-CV-3335-G-BN, 2018 WL 4090426 (N.D. Tex. Aug. 27, 2018).

Finally, as BOA argues, Donald's pleadings do not show that he performed under the contract. ECF No. 15 at 7. The Agreement provides that BOA "will reject payments that are not

drawn in U.S. dollars[.]" ECF No. 10 at 18. Donald attempted to pay his balance with a "tender of payment" and a "Power of Attorney document." *Id.* at 2, 8. Donald relies on another provision of the Agreement that provides that BOA "can accept . . . payments with any restrictive writing without losing any of [its] rights under this Agreement." *Id.* at 2, 8. But that does not, as he contends, mean that non-U.S. dollar payments would be accepted. Accordingly, for the above reasons, Judge O'Connor should **DISMISS** Donald's claims.

Courts may dismiss an action without giving an opportunity to amend when, after the Court invites him to respond, the plaintiff fails to respond to a motion to dismiss, or if the Court finds that the plaintiff alleged his best case. *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995); *Jones*, 188 F.3d at 327. Both are true here. Also, although he has not amended his complaint or sought leave to do so, Donald had the opportunity to supplement his complaint in his answer to the Court's questionnaire. Donald did so by filing thirty-seven pages of answers and supplemental materials. ECF No. 10. Under these circumstances, the Court carefully examined all of Donald's filings and concludes that he has pleaded his best case against BOA, and any further amendment would be futile and would only cause unnecessary further delay. Specifically, no amendment will cure Donald's deficient argument regarding his performance of the contract.

### IV.   CONCLUSION

Because Donald's Motion for Default Judgement (ECF No. 7) is procedurally improper, the undersigned **RECOMMENDS** that Judge O'Connor **DENY** it. Further, Donald did not state a claim for breach of contract, and his other claims fail as a matter of law. Accordingly, the undersigned **RECCOMMENDS** that Judge O'Connor **GRANT** BOA's Motion (ECF No. 14), and **DISMISS** Donald's claims.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on May 30, 2024.

*[signature: Hal R. Ray, Jr.]*
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE